IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE GOLDBERG-BOTVIN<br>7 Masaryk Street<br>Jerusalem 93-106<br>ISRAEL<br><br>and<br><br>ESTATE OF YAEL BOTVIN<br>by and through its Administrator<br>Russell Ellis, Esq.<br>58 Meadows Lane<br>Haverford, PA  19041-1128<br><br>and<br><br>TAMAR BOTVIN DAGAN<br>7 Masaryk Street<br>Jerusalem 93-106<br>ISRAEL<br><br>and<br><br>MICHAL BOTVIN<br>7 Masaryk Street<br>Jerusalem 93-106<br>ISRAEL<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs, Khomeni<br>Avenue, United Nations Street<br>Tehran, Iran | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No_____<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs bring this action as a related action pursuant to the provisions of

Defense Authorization Act for Fiscal Year 2008, Section 1083(c), Pub. L. No. 110-181,

§1083, 122 Stat. 3, 338-344 (2008) and 28 U.S.C. § 1602, *et seq*.

This action is timely filed pursuant to § 1083(c)(3) of the National Defense

Authorization Act for Fiscal Year 2008, which states:

> (c) Application to Pending Cases-
> . . .
>
> (3) RELATED ACTIONS- If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after--
> (A) the date of the entry of judgment in the original action; or
> (B) the date of the enactment of this Act.
>
> Pub. L. No. 110-181, § 1083(c)(3), 122 Stat. 3, 338-344.

This action is related to *Estate of Yael Botvin by and through its Administrator*

*Russell Ellis, Esq., et al. v. Islamic Republic of Iran, et al.*, Civil Action 05-220 (D.D.C.)

("Botvin I") filed under 28 U.S.C. § 1605(a)(7), for the injuries and death of Yael Botvin

that resulted from the September 4, 1997, triple suicide bombing at Jerusalem's Ben

Yehuda Street pedestrian mall. A judgment was entered in Botvin I on July 3, 2012.[1]

This action qualifies as "any other action arising out of the same act or incident [which]

may be brought under section 1605A of title 28, United States Code".

Plaintiffs seek judgment against Defendant Islamic Republic of Iran ("Iran"),

pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1602, *et seq.*

Plaintiffs seek damages for their injuries resulting from the death of Yael Botvin,

carried out as described below as a result of the support, financial support and training

provided by the Defendant. Plaintiffs file this matter pursuant to the passage of 28

---

[1] Damages were awarded in Botvin I only for the Estate of Yael Botvin, and these excluded punitive damages.

U.S.C. § 1605A, which provides a federal cause of action that may be brought by these

Plaintiffs against the Defendant for its role in funding and materially supporting the

terrorist attack that murdered Yael Botvin. In support of their Complaint, Plaintiffs more

particularly allege as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction over the subject matter of this case arises under 28 U.S.C.

§§ 1330(a), 1331 and 1605A.

2.      Defendant Islamic Republic of Iran is subject to suit in the courts of the

United States as sponsors of the terrorist group Hamas pursuant to the Foreign Sovereign

Immunities Act ("FSIA"), as amended, 28 U.S.C. § 1605A, and related statutes.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

4.      Actions for wrongful death and related torts perpetrated by foreign state

sponsors of terrorism by and through their officials, employees and agents within the

meaning of 28 U.S.C. § 1605A are unique causes of action arising out of the federal

counterterrorism statute(s) and are controlled by federal law, 28 US.C. §1605A(c).

## THE PARTIES

5.      At the time of the acts alleged, and throughout the duration of her short 14

year life, Yael Botvin was an American citizen. Yael Botvin was born in the State of

California. Yael Botvin suffered personal injuries and died, while in Israel, as a result of

an extrajudicial killing, to wit, the September 4, 1997 suicide bombing at Jerusalem's

Ben Yehudah Mall, being an act within the Foreign Sovereign Immunities Act, 28 U.S.C.

§ 1605A. On 25 May 2004, Russell Ellis, Esq. was duly appointed by the probate court

of Montgomery County, Pennsylvania, as the Administrator of the Estate of Yael Botvin

("Estate of Yael Botvin"); said Estate can sue and be sued in this Court. The Estate of

Yael Botvin was previously awarded compensatory damages for economic loss in Botvin

I and brings this action for pain and suffering and punitive damages as it is entitled

pursuant to 28 U.S.C. §1605A.

6.      Plaintiff Julie Goldberg-Botvin is a United States citizen and is currently a

resident of Israel. At all relevant times, Julie Goldberg-Botvin was, and is, the natural

mother of the deceased Yael Botvin. Plaintiff Julie Goldberg-Botvin can sue and be sued

in this Court.

7.      Plaintiff Tamar Botvin Dagan is a United States citizen and is currently a

resident of Israel. At all relevant times, Tamar Botvin Dagan was, and is, the natural

born sister of the deceased Yael Botvin. Plaintiff, Tamar Botvin Dagan can sue and be

sued in this Court.

8.      Plaintiff Michal Botvin is a United States citizen and is currently a

resident of Israel. At all relevant times, Michal Botvin was, and is, the natural born sister

of the deceased Yael Botvin. Plaintiff, Michal Botvin can sue and be sued in this Court.

9.      Defendant Islamic Republic of Iran ("Iran") is a foreign state that the U.S.

Department of State has heretofore been designated as a state sponsor of terrorism

pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. §

2405(j)) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371)

since January 19, 1984. Iran provided material support and resources to Hamas within

the meaning of 28 U.S.C. § 1605A in the form of funding, direction, and training for its

terrorist activities, including the terrorist attack at issue here.

4

10.     Furthermore, this Court has specifically previously held Iran liable to other victims of this particular act of terrorism, the suicide bombing on September 4, 1997 in Jerusalem, Israel in the related action, *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003). Moreover, this Court in the related action of *Estate of Yael Botvin by and through its Administrator Russell Ellis, Esq., et al. v. Islamic Republic of Iran, et al.,* Civil Action 05-220 (D.D.C.), adopted the Findings of Fact from *Campuzano* in the Court's Order dated September 24, 2007, and on July 3, 2012 also entered judgment against Iran on behalf of the Estate of Yael Botvin for the same act of terrorism.

11.     Defendant through its instrumentalities, *inter alia*, Iranian Ministry of Information and Security is the Iranian intelligence agency ("MOIS") and Iranian Revolutionary Guard ("IRG") through which Iran channeled material support, resources and/or training to Hamas to carry out terrorist activities, including the suicide bombing on Ben Yehuda Street. MOIS and IRG act as an agent of Iran and performed acts within the scope of their agency as contemplated by 28 U.S.C. § 1605A, which resulted in the extrajudicial killing described below.

## FACTUAL ALLEGATIONS

12.     On the afternoon of September 4, 1997, three Hamas operatives entered the crowded pedestrian mall at Ben Yehuda Street in Jerusalem, Israel. The operatives carried cases containing explosive bombs, which they packed with "nails, screws, pieces of glass, and chemical poisons to cause maximum pain, suffering, and death." *Campuzano* at 261 (citations omitted).

5

13.     The three suicide bombers, surrounded by hundreds of multinational pedestrians, detonated the bombs within 30 seconds of each other, killing five people and injuring nearly 200. Plaintiff Yael Botvin was among those murdered in the terrorist attack.

14.     Yael Botvin was fourteen years old when she was murdered. She was at the pedestrian mall celebrating her admission to a prestigious specialized high-school when she was murdered.

15.     Julie Goldberg-Botvin, although not present at the bombing, suffered extreme mental anguish and grief as a result of her daughter's tragic death. On the day of Yael's death, Julie was in her home, when her youngest daughter, Michal, entered her bedroom to advise Julie that there had been a terrorist attack in downtown Jerusalem.

16.     Knowing that her daughter, Yael, had gone to the pedestrian mall to celebrate her recent admission to high school, Julie immediately turned on the TV to learn where and when the terrorist attack had taken place. Julie then began calling Yael's school and the police in a desperate attempt to locate her.

17.     Approximately two hours after the bombing took place, a friend took Julie Goldberg-Botvin and Michal Botvin to Bikur Cholim Hospital in downtown Jerusalem to determine if Yael was there.

18.     Julie arrived at the hospital too late. When she arrived she was informed that Yael had been died and that Yael's body was already transferred to the Abu Kabir Forensic Institute. Julie Goldberg-Botvin was then asked to identify her daughter Yael's body from pictures taken at the hospital.

19.     It was not until later that Julie Goldberg-Botvin was able to locate her oldest daughter, Tamar, and inform her that her sister Yael had been murdered and was a victim of terrorist attack.

20.     Hamas claimed responsibility for the attack.  Additionally, two Hamas operatives, Muaid Said Bilal ("Bilal") and Omar Abdel Rahman al-Zaban ("Zaban"), were arrested for their participation in the bombing and convicted on multiple counts of murder, attempted murder, and active membership in Hamas. *Campuzano*, 281 F. Supp. 2d at 261.

21.     It is official Iranian policy to support terrorism.  Accordingly, "Iran directly provided material support and resources to Hamas and its operatives, for the specific purpose of carrying out acts of extrajudicial killing, including the bombing" on September 4, 1997. *Id.* at 270.

22.     "With Iranian government funds, MOIS spends between $50,000,000 and $100,000,000 a year sponsoring terrorist activities of various organizations such as Hamas." *Id.* at 262.  This is approximately one-fourth of the agency's budget.

23.     IRG is the military arm of MOIS, by which Iran provides Hamas operatives with "professional military and terrorist training" so they can execute terrorist attacks throughout the Middle East. *Id.*

24.     Without the material support and resources Defendant provided to Hamas, the Hamas suicide bombers could not have carried out the September 4, 1997 terrorist attack at Ben Yehuda Street. *See id.*

<u>COUNT I</u>
<u>ON BEHALF OF JULIE BOTVIN GOLDBERG, TAMAR BOTVIN DAGAN AND</u>
<u>MICHAL BOTVIN</u>
<u>28 U.S.C. § 1605A(c)</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

25.     Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

26.     The acts of planning and conducting a terrorist suicide bombing designed to maim and murder innocent people in a crowded pedestrian mall in Jerusalem constituted extreme and outrageous conduct on the part of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran and its instrumentalities through its agents MOIS and IRG.

27.     As a direct and proximate result of the willful, intentional and reckless acts of the Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agents MOIS and IRG, Plaintiffs were intentionally caused to suffer severe emotional distress, all to their damage.

28.     WHEREFORE, Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, pray that judgment be entered against the Defendant, the Islamic Republic of Iran, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys' fees.

<u>COUNT II</u>
<u>JULIE GOLDBERG-BOTVIN, TAMAR BOTVIN DAGAN, MICHAL BOTVIN</u>
<u>28 U.S.C. § 1605A(c)</u>
<u>SOLATIUM CLAIM</u>

29.     Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

30.     As a direct consequence of the actions of the Defendant, the Islamic Republic of Iran, Julie Goldberg-Botvin, Tamar Botvin Dagan, Michal Botvin, have suffered extraordinary grief and mental anguish, and loss of solatium in accordance with 28 U.S.C. 1605A(c) and have thereby suffered damage.

31.     WHEREFORE, Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, demand judgment against the Defendant, the Islamic Republic of Iran in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys' fees.

COUNT III
ESTATE OF YAEL BOTVIN
28 U.S.C §1605A(c)
PAIN AND SUFFERING

32.     Plaintiff, the Estate of Yael Botvin, repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

33.     Before her death, Yael Botvin suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the decedent hereby suffered compensable damages.

34.     WHEREFORE, Russell Ellis, Administrator,Esq. demands such judgment on behalf of the Estate of Yael Botvin against Defendantthe Islamic Republic of Iran in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys fees.

COUNT IV
ALL PLAINTIFFS
28 U.S.C. § 1605A(c)
PUNITIVE DAMAGES

35.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

36.    The actions of the Defendant, carried out in their names and by their instrumentalities and agents as described above, were malicious, willful, unlawful, reckless and in wanton disregard of life and the applicable standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result and was caused by Defendant.

37.    The decedent and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their responsibilities as governments, instrumentalities of governments and as leaders of governments and its instrumentalities, each acting as agents on behalf of the Defendant. In accordance with the provisions of 28 U.S.C. §1605A(c) the Estate of Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin thereby entitled to punitive damages against the Defendant.

WHEREFORE, the Plaintiffs, the Estate Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, pray that judgment be entered against Defendant the Islamic Republic of Iran of behalf of each plaintiff, in the amount of THREE HUNDRED MILLION ($300,000,000.00) DOLLARS plus costs and attorneys fees.

**WHEREFORE,** Plaintiffs requests judgment against the Defendant as follows:

1. Judgment against the Defendant, for the damages to which the Plaintiffs are each entitled under the laws of the United States of America in amounts as prayed for herein, and as shall be proven at trial.

2. Judgment against Defendant for punitive damages and to which each and all of the Plaintiffs may be and are entitled under applicable law, all in an amount prayed for herein and as shall be determined at trial.

3. Judgment against the Defendant for all costs expended herein.

4. Judgment against the Defendant for reasonable attorneys' fees incurred incident hereto.

5. Interest thereon at the legal rate from date of the loss, September 4, 1997 and/or from date of judgment until paid in full.

6. Judgment against Defendant for any and all other relief to which Plaintiffs may be entitled.

7. That lis pendens notice of action may issue and be noted and enforced by the Court.

8. A trial by jury on all issues so triable.

9. Leave of Court to amend this Complaint as the interests of justice require.

August ___ 2012

Respectfully Submitted,

HEIDEMAN NUDELMAN
& KALIK P.C.
1146 19th Street, 5th Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax: 202-463-2999
Email: attorneys@heidemanlaw.com

By: _____  8/3/12

    Richard D. Heideman (No. 377462)
    Noel J. Nudelman (No. 449969)
    Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister
1146 19th Street, NW 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax: 202-955-3806