UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF YAEL BOTVIN<br>through its Administrator Russell<br>Ellis, et al.<br><br>                Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br>                Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO.: 1:05-cv-00220-RCL<br>:<br>:<br>:<br>: |
| JULIE GOLDBERG-BOTVIN, et al.<br>                Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br>                Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO.: 1:12-cv-01292-RCL<br>:<br>:<br>:<br>: |

MOTION TO DEPOSIT FUNDS
==

        COMES NOW, co-counsel for Plaintiffs, Heideman Nudelman & Kalik P.C., and

for its Motion to Deposit Funds with the Court pursuant to Federal Rule of Civil

Procedure 67(a) states to the Court as follows:

1.  On July 3, 2012, Judge Lamberth entered judgment in case no. 1:05-cv-00220-

    RCL for compensatory damages in favor of Plaintiff the Estate of Yael Botvin.

    *See* Case No. 1:05-cv-00220-RCL, ECF 31.

2.  On April 4, 2013, Judge Lamberth entered judgment in case no. 1:12-cv-01292-

    RCL for compensatory damages in favor of Plaintiffs Julie Goldberg-Botvin,

Tamar Botvin Dagan, and Michal Botvin. *See* Case No. 1:12-cv-01292-RCL, ECF 14.

3. Plaintiffs in both cases are equally represented by three different law firms as co-counsel.

4. Based upon their judgments against the Islamic Republic of Iran, the Plaintiffs through their counsel applied for, received an award and recently received their *pro rata* payments from the U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund"). The payments from the USVSST Fund were made into Heideman Nudelman & Kalik P.C.'s Client IOLTA escrow account at it bank in the District of Columbia. 75% of the payments have been distributed to each of the Plaintiffs, in accordance with their written authorization and instructions, countersigned by the three law firms who are counsel to the Plaintiffs. The remaining 25% of the payments which remain in escrow are to be applied to the combination of attorney's fees and expenses. Pursuant to 34 U.S.C. § 20144(f)(1), attorney fees and costs may not exceed in the aggregate 25% of the USVSST payment.

5. A dispute has been initiated by Russell Ellis, Esq. one of the attorneys who is and accordingly exists among co-counsel for Plaintiffs as to the allocation and distribution of the 25% remainder of the USVSST payment, which is being held in Heideman Nudelman & Kalik P.C.'s IOLTA account. These funds are subject to multiple and conflicting claims.

6. Federal Rule of Civil Procedure 67(a) provides:

> If any part of the relief sought is a money judgment or the disposition of a sum or money or some other deliverable

2

> thing, a party – on notice to every other party and by leave
> of court – may deposit with the court all or part of the
> money or thing, whether or not that party claims any of it.
> The depositing party must deliver to the clerk a copy of the
> order permitting deposit.

Fed. R. Civ. P. 67(a).

7.  Heideman Nudelman & Kalik P.C. seeks an Order directing the Clerk to receive
    and deposit into the registry of court the entirety of the escrow funds which
    Heideman Nudelman & Kalik, PC is holding as said 25%, to wit, $693,200.49, as
    "registry funds" pursuant to Local Rule 67(b) snd for the Clerk to deposit same in
    an interest bearing account in the Treasury of the United States, said amount
    representing the 25% remainder of the USVSST Fund payment being held
    expressly for the recovery of attorney's fees and expenses, the allocation and
    distribution of which remains in dispute.

8.  Heideman Nudelman & Kalik P.C. anticipates that additional litigation and/or
    motions practice will resolve the dispute over the allocation and distribution of
    these funds and accordingly seeks leave of Court, and the entry of an Order,
    permitting the deposit of the registry funds.

9.  Attached hereto is a proposed Order, directing the deposit of the registry funds
    into the Treasury of the United States.

WHEREFORE, Heideman Nudelman & Kalik P.C. respectfully requests that the
Court grant its Motion to Deposit Funds with the Court and enter an Order permitting
Heideman Nudelman & Kalik P.C. to deposit the sum of $693,200.49 with the Clerk of
Court pending resolution of these disputes.

Date: December 6, 2021

3

Respectfully submitted,

Heideman Nudelman & Kalik P.C.
5335 Wisconsin Avenue, Suite 440
Washington, DC 20015
Telephone: 202-463-1818
Telefax: 202-463-2999
Email: rdheideman@hnklaw.com

By: _/s/Richard D. Heideman_____
    _/s/ Tracy R. Kalik_____
        Richard D. Heideman (No. 377462)
        Noel J. Nudelman (No. 449969)